FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 20 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ DIVISION

J.P.T. AUTOMOTIVE, INC. )
d/b/a/ Victory of Five Towns )
  )
    Plaintiff, ) CASE NO.
vs. )
  )
TOYOTA MOTOR SALES, U.S.A., INC. ) **CV-09   204**
  )
Defendant. )

SEYBERT, J.
BOYLE, M.

### DECLARATION OF RICHARD CIRILLO

Richard Cirillo, first being duly sworn, deposes and says:

1. I am over 18 years of age and am not incompetent.

2. J.P.T. Automotive, Inc. d/b/a Victory of Five Towns (hereinafter "Victory") is an automobile dealership that sells and services new Toyota motor vehicles in Inwood, New York. Victory acts as a franchisee of Toyota Motor Sales, USA, Inc. (hereinafter "Toyota") pursuant to a Toyota Dealer Agreement.

3. Victory has been my sole source of income for the past 18 years. During that time I have served as Victory's general manager.

4. In March of 2006, I purchased Victory from the previous owner. At that time I became the sole shareholder and dealer principal of the dealership. I retained my title and duties as General Manager of the dealership and I entered into a new Toyota Dealer Agreement with Toyota on behalf of Victory.

5. Until recently, Victory has been consistently profitable.

6. Victory has consistently provided quality sales and service to its Toyota customers.

7. Over the past couple of years a series of unusual events have served to hamper the dealership's profitability. Those events were out of the dealership's control. Most significantly, there was a highly publicized murder that happened across the street from the dealership. That murder, and the negative publicity that came with it, dissuaded many customers from traveling to the area to purchase a motor vehicle.

8. The financial difficulties experienced by Victory have been amplified and exacerbated by the current economic climate which has adversely affected the entire automotive industry.

9. As a result of these financial difficulties, Victory found itself delinquent on its Toyota parts account. However, over the last month, Victory has been able to reduce the amount owed to Toyota by approximately fifty percent (50%). The remainder of the money owed to Toyota can be repaid if Victory Toyota is allowed to continue as a Toyota franchisee and/or is given the time to obtain a capital loan or sell the franchise.

10. Victory continues to operate as a going concern and has never been "insolvent" as that term is regularly utilized.

11. I have been marketing Victory Toyota to third party purchasers including one person (the "Buyer") who negotiated a letter of intent. After extended negotiations with the Buyer, I provided an unexecuted letter of intent to Toyota in order to show my good faith efforts to sell the franchise.

12. Nevertheless, I have been informed by Toyota that it intends to terminate Victory's franchise agreement effective January 19, 2009.

13. Following my provision of that letter of intent to Toyota, the Buyer withdrew from negotiations. I have since been informed by reliable sources that Toyota has informed the Buyer

that he will be approved as a Toyota dealer, ~~in Inwood following Victory's termination.~~

14. Upon information and belief, if the Buyer is appointed as a new dealer following the termination of Victory, he will not have paid anything for the franchise rights to operate a dealership in Inwood. As such, the Buyer's motivation to purchase the franchise has presumably been greatly diminished, if not extinguished.

15. If Victory's franchise agreement is terminated on January 19, 2009, I will lose my ability to operate that dealership or, alternatively, to sell that dealership and recognize a return based upon the goodwill generated as a Toyota franchisee for the past 18 years.

16. Victory Toyota has historically experienced positive earnings. Those earnings should reasonably induce a purchaser to invest in this franchise and to pay a sum for the dealership's goodwill that would greatly exceed any amounts currently due from Victory to Toyota.

17. The granting of an injunction would not only protect Victory and my investment in Victory but also serve to protect Toyota because, in the event of a sale, it would be assured payment in full.

18. In the event that Victory is terminated, most of Victory's employees will find themselves unemployed.

19. If Victory is allowed to continue operations, most of those employees' jobs will be saved during the term of the stay. Alternatively, if Victory is able to sell the franchise, it is common practice for the employees to continue their employment for the new owner.

20. Today, January 20, 2009, I have entered into preliminary negotiations with a proposed purchaser of Victory Toyota's franchise rights. Upon information and belief, Toyota has already decided that this particular purchaser is approvable as a Toyota dealer.

21. Additionally, I have sought out a capital loan in order to create working capital for

Victory and pay off all of Victory's outstanding indebtedness. Just recently, Victory received a letter of intent from a lender indicating that the lender may opt to provide a capital loan in excess of $11 million.

22.  Once the transactions reflected in the letter of intent or the proposed sale are consummated, all outstanding indebtedness to Toyota and other creditors of the dealership will be erased.

I certify that I have read the foregoing Declaration and the contents thereof are true of my own knowledge except as to those matters stated upon information and belief, and to those things I believe them to be true.

Further, Affiant Sayeth Not.

_____
Richard Cirillo

Sworn to and subscribed before me this 20th day of January, 2009.

_____
Notary Public

My commission expires: 8/31/09

## CERTIFICATE OF SERVICE

I hereby certify that on January _____, 2009, the foregoing Declaration of Richard Cirillo was electronically filed with the Clerk of the Court using the CM/ECF system. I have informed counsel for the Defendant of the pending hearing for a temporary restraining order.

/s/Susan B. Lyons
Susan B. Lyons