UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.P.T. AUTOMOTIVE, INC. d/b/a Victory of Five Towns<br><br>Plaintiff<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.<br><br>Defendant | Civil Action No. 09-CV-204-JS-ETB<br><br>Hon. Joanna Seybert |

### DECLARATION OF CARL J. CHIAPPA

I, **CARL J. CHIAPPA**, declare as follows:

1. I am a member of the law firm of Hogan & Hartson LLP, counsel for Toyota Motor Sales, U.S.A., Inc. ("Defendant") in the above-captioned matter. I am admitted to practice before this Court.

2. I submit this Declaration in support of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. I am personally familiar with the facts stated herein.

3. On January 14, 2009, Frank X. Trainor III, counsel for Plaintiff, sent an e-mail to me on behalf of Plaintiff requesting an additional extension of the effective date of termination of Plaintiff's Toyota Dealer Agreement. A true and correct copy of that e-mail is attached hereto as Exhibit A.

4. The next day, I informed Mr. Trainor that Toyota would only consider such an extension if a settlement agreement was reached between the parties. Since the substance of the subsequent settlement negotiations are inadmissible as evidence, I will confine myself to saying

that, while draft agreements were exchanged by the parties, no settlement was ultimately reached. At no time did Toyota grant to Plaintiff an extension of the January 19, 2009 termination date provided for in the parties' December 19, 2008 agreement.

5. On the morning of January 20, 2009, Mr. Trainor advised me that Plaintiff's principal creditor had called the dealership's wholesale line of credit at 9:30 a.m. that morning.

6. Plaintiff relies on § 463(2)(e)(1) of the New York Franchised Motor Vehicle Dealer Act, N.Y. Veh. & Traf. Law, § 461 *et seq*. That section provides for an automatic stay in any action filed by a franchised motor vehicle dealer for a determination as to whether "due cause" exists for the termination of its franchise. However, Plaintiff failed to advise this Court that the automatic stay language of § 463(2)(e)(1) only came into effect as of January 1, 2009, as part of a recent amendment to the statute. For the Court's convenience, attached hereto as Exhibit B is a redlined version of the changes to § 463, including the automatic stay provision (at pp. 3-4).

Dated: New York, New York
January 21, 2009

_____
Carl J. Chiappa, Esq.