JAN-20-2009 17:39 From:MARRIOT         12156256000        To:912129183100        P.2/4
01-20-09   05:37pm   From-Hogan & Hartson RM# 2022      212 918 3100      T-928  P 002/004  F-059

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.P.T. AUTOMOTIVE, INC.<br>d/b/a Victory of Five Towns<br><br>Plaintiff<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.<br><br>Defendant | Civil Action No. 09-cv-204-JS-ETB<br><br>Hon. Joanna Seybert |

### DECLARATION OF KEVIN COUR, IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCION

I, Kevin Cour, declare as follows:

1. I am the General Manager of the New York Region of defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"). I submit this declaration in opposition to plaintiff's motion for a temporary restraining order and preliminary injunction. The information contained herein is based on my own personal knowledge and I could and would competently testify thereto if called upon to do so.

2. I note that plaintiff's motion does not even refer to, much less attach, the notice of termination which is at issue between plaintiff and Toyota. All of plaintiff's papers refer (incorrectly) to a notice of termination issued to plaintiff on October 20, 2008. While a notice of termination was issued to plaintiff by Toyota on that date, the termination of plaintiff's Toyota franchise, which took effect at the close of business yesterday, January 19, 2009, was based on a notice of termination I hand-delivered to the owner of the dealership on October 15, 2008 (the "October 15 Notice"). A copy of the October 15 Notice is attached hereto as Exhibit A. Also attached hereto, as Exhibit B, is the December 19, 2008 agreement – referred to by plaintiff, but

\\\NY - 029024/000004 - 1127597 v2

Case 2:09-cv-00204-JS-ETB   Document 8   Filed 01/21/09   Page 2 of 3 PageID #: 67

JAN-20-2009 17:39 From:MARRIOT           12156256000           To:912129183100        P.3/4
01-20-09   05:37pm   From-Hogan & Hartson RMH 2022         212 918 3100      T-820  P.003/004  F-059

again not attached to any of its papers – that extended the effective date of the October 15 Notice to the close of business on January 19, 2009. No extension beyond that date, oral or written, has been granted to plaintiff by Toyota.

3. As the Court will see, the October 15 Notice was not based on plaintiff's failure to pay monies owed by plaintiff to Toyota (although those monies – over $100,000 – are still owed by plaintiff and are long overdue). Rather, the October 15 Notice is based on the plaintiff's insolvency – a ground for termination that is not only recognized by the dealer agreement between plaintiff and Toyota but which is specifically recognized as a ground for expedited termination under N.Y. Veh. & Traf. Law §463(2)(d)(3), a provision of New York State's motor vehicle franchise protection statute (a copy of which is attached hereto, as a convenience to the Court, as Exhibit C). A copy of the dealer agreement between Toyota and plaintiff, dated March 14, 2006, is attached hereto as Exhibit D. I note for the record that this is the current and last dealer agreement between Toyota and plaintiff and that it has not been substantively altered or amended since issuance.

4. It is my understanding that plaintiff has previously conceded that it is "insolvent." I also understand that plaintiff is in default on the wholesale line of credit ("floorplan") which would normally allow it to purchase new cars from Toyota; it is delinquent in the payment of sales tax to the state; and it has failed, and is unable, to pay vendors, at least some of whom have refused as a result to supply services to the dealership any longer. Additionally, as noted above, plaintiff owes Toyota over $100,000 in past due monies on its parts account and is in breach of its agreements with our affiliate, Toyota Financial Services, Inc., in an amount in excess of $1.3 million.

5. Moreover, Toyota was advised earlier today that, contrary to paragraph 34 of plaintiff's Complaint, plaintiff's floorplan lender acted this morning to call the dealership's loan and will seek to retake its collateral. With this, the dealership will be effectively put out of business and any semblance of normal business operations will cease.

6. Plaintiff has stated that "no injury" would result to Toyota from issuance of a preliminary injunction. Nothing could be further from the truth. Toyota has already suffered significant harm from remaining in business with plaintiff, because the dealership has been barely operational for most of the period since issuance of the October 15 Notice. Plaintiff's lack of financing has left it unable to purchase new cars from Toyota. It has been unable to advertise. Its used car inventory is in deplorable condition. It does not even have sufficient funds to purchase parts to perform major warranty repairs. Worse yet, we have received complaints from other Toyota dealers and from Toyota customers that plaintiff has traded cars with other dealerships without paying off the liens on those cars. The result is that Toyota has customers who have purchased those cars from other authorized dealerships and now cannot obtain clear title or even permanently register the cars because of that unrevealed and unresolved indebtedness. In short, plaintiff has caused serious customer relations issues for, and embarrassment to, Toyota, to say nothing of the harm done to its customers and other dealers.

7. Toyota has been extremely forbearing with plaintiff. It has given plaintiff every consideration, including months to stabilize and correct its foundering financial condition. While Toyota regrets that the dealership has been unable to do so, it should not be required to do business with an insolvent corporation that cannot fulfill even the most basic franchise obligations and that is daily harming the consuming public and Toyota's reputation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 20, 2009
West Caldwell, New Jersey

Kevin Cou