# EXHIBIT B

**TOYOTA**

Kevin Cour
General Manager

Toyota Motor Sales, U.S.A., Inc.
New York Regional Office
16 Henderson Drive
West Caldwell, NJ 07006
973 882-5225
310 381-6824 Fax

December 19, 2008

Mr. Richard Cirillo
Dealer Principal
Victory Toyota of Five Towns
696 Burnside Avenue
Inwood, New York 11096

Re: <u>Agreement on Extension of Termination Deadline</u>

Dear Richard:

This Letter Agreement memorializes the understanding between Toyota Motor Sales, U.S.A., Inc. ("TMS") and J.P.T. Automotive, Inc. d/b/a Victory Toyota of Five Towns ("Victory" or the "Dealership") that the effective date of the October 15, 2008 notice of termination of Victory's Toyota Dealer Agreement (the "Notice of Termination"), which was previously extended until December 19, 2008, shall be further extended until the close of business on January 19, 2009. TMS and Victory are each hereinafter referred to as a "Party" and collectively as the "Parties."

## RECITALS

A. TMS and Victory are parties to a Toyota Dealer Agreement dated as of March 14, 2006 (the "Dealer Agreement") regarding their interests in, and rights and obligations pertaining to, Victory's appointment and operation as a Dealer with the non-exclusive right to sell and service Toyota vehicles.

B. By issuance of the Notice of Termination, TMS advised Victory on October 15, 2008 of its intention to terminate Victory's Dealer Agreement due to the dealership's insolvency, effective fifteen (15) calendar days from the date of delivery of the Notice of Termination, or October 31, 2008. The effective date of the Notice of Termination has since been extended several additional times by agreement of the Parties, and, pursuant to such extensions, the Dealer Agreement is currently scheduled to terminate at 2:00 p.m., December 19, 2008.

C. The Parties have reached an agreement to further extend the effective date of the Notice of Termination through and including the close of business on January 19, 2009.

For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

1. <u>Extension of Notice of Termination</u>. The Notice of Termination shall be extended until, and shall take effect upon, the close of business on January 19, 2009.

2. **TRAC Vehicles.** TMS will be entitled to take immediate possession from Victory of ten of the twelve "TRAC" vehicles currently leased by Victory. With respect to the remaining two "TRAC" vehicles, one is being repaired in Victory's body shop; the other is in the possession of a customer of the Dealership. The former will be returned to TMS upon repair; the latter upon timely return by the customer.

3. **Affidavit of Ownership.** Contemporaneously with the execution of this Letter Agreement, Richard Cirillo, as Dealer Principal of Victory, will provide TMS with an affidavit of Dealership ownership, representing that Richard Cirillo owns 100% of the outstanding shares of Victory without any encumbrances.

4. **Financial Audit.** The Dealership will permit TMS, through Deloitte or other CPA or CPA firm selected by TMS, to complete the financial audit previously begun at the Dealership, pursuant to Article XX of the Dealer Agreement. The Dealership will also cooperate with said auditors and all reasonable requests made by said auditors. Additionally, the Dealership will, by means of a document to be presented to the Dealership, execute a general release, in a form acceptable to the auditors, releasing Deloitte or other CPA or CPA firm selected by TMS, from any liability relating to or associated with the audit.

5. **Expiration of Extension.** Notwithstanding anything else in this Agreement, the extension of the Notice of Termination granted hereunder shall terminate, and the Notice of Termination shall become effective upon the occurrence of (i) the initiation of proceedings by Manufacturers and Traders Trust Company to collect on the dealership's wholesale floor lines; (ii) the Dealership's filing for bankruptcy protection; or (iii) the Dealership's ceasing normal business operations.

6. **No Waiver or Modification of Rights.** Except as expressly provided in paragraphs 1 through 5 above, this Letter Agreement shall not modify, increase or diminish any of the Parties' rights or obligations under applicable state and federal law, the Dealer Agreement or otherwise.

7. **Remedies.** Except as expressly provided herein, this Letter Agreement is made without prejudice to either Party's assertion in the future of any claim or defense, and does not derogate the rights and powers otherwise available under any other agreement or applicable law to any Party.

8. **Complete Integration.** This Letter Agreement constitutes the full and final agreement between the Parties with respect to the subject matter hereof, and this Letter Agreement may not be modified or amended except by written instrument, signed by each of the Parties, expressing such amendment or modification. The Parties warrant, promise, and represent that in executing this Letter Agreement, each Party is not relying upon any oral representation, promise or statement of the other Party and that each Party is not relying upon any promise, statement or representation contained in any other written instrument of the other Party.

9. **Consultation with Legal Counsel.** The Parties, at all times material hereto, have had the opportunity to consult with legal counsel of their own choosing concerning the rights affected by this Letter Agreement, the form and content of this Agreement, and the advisability of executing it and are entering into this Agreement voluntarily without coercion or threats of coercion of any kind.

10. **Counterparts/Facsimile Transmission.** This Letter Agreement may be signed in counterparts. Execution of this Letter Agreement is effective if signature is received by facsimile transmission.

11. **Successors and Assigns.** This Letter Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, heirs, internal and external attorneys, agents and personal representatives.

12. **Severability.** If any term of this Letter Agreement shall be declared invalid, illegal or unenforceable by any court of competent jurisdiction, each of the remaining terms shall be unaffected thereby and shall continue to be in full force and effect.

Please sign below and return to me by 5:00 p.m. EST today.

Sincerely,

Kevin Cour
General Manager
New York Region

Date: 12/22/08

Richard Cirillo
Dealer Principal
Victory Toyota of Five Towns

Date: 12/22/08

NY - 029024/000004 - 1124843 v4

## RICHARD CIRILLO'S AFFIDAVIT OF OWNERSHIP

Richard Cirillo, first being duly sworn, deposes and says:

1. I am over 18 years of age and am not incompetent.

2. J.P.T. Automotive, Inc. d/b/a Victory of Five Towns (hereinafter "Victory") is an automobile dealership that, among other things, sells and services new Toyota motor vehicles in Inwood, New York.

3. I am the sole shareholder of all of Victory's stock.

I certify that I have read the foregoing Declaration and the contents thereof are true of my own knowledge except as to those matters stated upon information and belief, and to those things I believe them to be true.

Further, Affiant Sayeth Not.

_____
Richard Cirillo

Sworn to and subscribed before me this 22 day of December, 2008.

DENNIS CIRILLO
Notary Public, State of New York
No. 01CI6064203
Qualified in Nassau County
Commission Expires September 24, 2009

_____
Notary Public
My commission expires: 9/24/09