# HOGAN & HARTSON

Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1.212.918.3100 Fax

www.hhlaw.com

March 26, 2009

Carl J. Chiappa
Partner
(212) 918-3612
cchiappa@hhlaw.com

*VIA ECF*

The Honorable E. Thomas Boyle
Alfonse M. D'Amato Federal Building
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:   *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 09-CV-204

Dear Judge Boyle:

    We represent Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") in the above-captioned action. The parties are scheduled to appear before Your Honor on Tuesday, March 31, 2009, for an evidentiary hearing on Plaintiff's motion for a preliminary injunction. We are writing to request that the Court schedule a telephonic conference with the parties in advance of the hearing to discuss the evidence to be presented, in light of recent admissions by Plaintiff's witnesses regarding the issues in dispute between the parties.

    As Your Honor is aware, this litigation primarily concerns Toyota's right to terminate Plaintiff's dealership on the ground that Plaintiff is – and has for some time been – insolvent. On January 21, 2009, Judge Seybert granted Plaintiff's request for a temporary restraining order enjoining Toyota from terminating Plaintiff's dealership pending a hearing on Plaintiff's motion for a preliminary injunction. The TRO was granted without argument, on the basis of the papers submitted, including the sworn Declaration of Richard Cirillo, the owner and president of Plaintiff J.P.T. Automotive, Inc.

    Since that time, the parties have been attempting to develop the evidentiary record relating to Plaintiff's pending motion. Owing to numerous delays, the depositions of Mr. Cirillo and Plaintiff's Controller, Edward DiGilio, did not take place until this past Tuesday, March 24, 2009. The testimony obtained in those depositions conclusively demonstrates that the material factual allegations of Plaintiff's Complaint and Mr. Cirillo's Declaration are false. For example,

The Honorable E. Thomas Boyle
March 26, 2009
Page 2

both the Complaint and Mr. Cirillo's Declaration allege that, contrary to Toyota's contention, Plaintiff (i) is not insolvent (Compl. ¶ 30, Dkt. No. 1), (ii) "has never been 'insolvent' as that term is regularly utilized" (Cirillo Decl. ¶ 10, Dkt. No. 4), and (iii) "continues to operate as a going concern." (Id.) However, at his deposition two days ago, Mr. Cirillo admitted under oath that, in fact, Plaintiff is "insolvent" as that term is used in both state and federal law because the dealership has been (a) unable to pay its debts as they have become due since at least mid-2008 (Cirillo Dep.[1] 48:22 – 49:8) and (b) its liabilities have far exceeded its assets for most of the past year. (Id. 144:9 – 144:14). These categorical admissions were repeated in the sworn testimony of Edward DiGilio, the dealership's Controller. (See DiGilio Dep.[2] 60:13 – 61:22).

The claim of alleged "solvency" is not the only material allegation of the Complaint Plaintiff has now admitted is not true. Although Plaintiff alleged that Toyota interfered with its ability to operate as a dealership "[b]y imposition of unreasonable demands," (Compl. ¶ 56), in his deposition Mr. Cirillo disagreed with that statement. (Cirillo Dep. 128:8 – 128:11). Rather, Mr. Cirillo testified that Toyota never made unreasonable demands on the dealership and that, contrary to the allegations of the Complaint, the issuance of the notice of termination did not limit or destroy the dealership's ability to operate. (Id. 127:7 – 128:2, 128:8 – 128:16). Moreover, contrary to the Complaint's allegation that Toyota has tortiously interfered with Plaintiff's attempts to sell the dealership through improper communications with a potential purchaser (Compl. ¶ 57), Mr. Cirillo admitted that he only knew of the alleged communication through a rumor (Cirillo Dep. 132:9 – 133:3), that he could not say whether the "rumor" was "true or factual" (Id. 134:25 – 135:17), and that he has no evidence that any such interference ever occurred. (Id.). Indeed, Mr. Cirillo even acknowledged that the purchaser continued to negotiate a possible purchase of the dealership with him and with the dealership's principal lender after the "rumored" interference had allegedly occurred. (Id. 136:5 – 136:17.)

Although we have raised with Plaintiff's counsel our concerns about the direct contradictions between this deposition testimony and Plaintiff's prior filings, Plaintiff has thus far been unwilling to withdraw or correct the unsupportable allegations in the Complaint and accompanying papers. Given the recent admissions, we are hopeful that a pre-hearing conference can help narrow the issues to be argued and streamline the proof to be presented at Tuesday's evidentiary hearing. This should limit the number of witnesses required to testify live, eliminate the need for the Court to hear testimony on matters that are no longer in dispute, and overall reduce the cost to the parties and the burden on the Court.

We are available for a telephonic conference at the Court's convenience.

---

[1] "Cirillo Dep." refers to the deposition of Richard Cirillo taken on March 24, 2009. The pages cited herein are attached hereto as Exhibit 1.

[2] "DiGilio Dep." refers to the deposition of Edward DiGilio taken on March 24, 2009. The pages cited herein are attached hereto as Exhibit 2.

Respectfully submitted,

Carl J. Chiappa

cc: Susan B. Lyons, Esq. (via electronic mail)
Frank Trainor III, Esq. (via electronic mail)
Gary C. Fischoff, Esq. (via electronic mail)