# EXHIBIT 4


FAXED 2-20-09 by Jumb—

Present:

HONORABLE LEONARD B. AUSTIN
              Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MANUFACTURERS AND TRADERS TRUST
COMPANY,

                                Plaintiff,

—against—

J.P.T. AUTOMOTIVE, INC., d/b/a VICTORY
TOYOTA OF FIVE TOWNS, RICHLIN
REALTY HOLDINGS, LLC, and RICHARD
CIRILLO,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

At IAS Part __11__ of the
Supreme Court of the State
of New York, County of
Nassau, held at the Courthouse,
100 Supreme Court Drive
Mineola, New York, on the
20th day of February, 2009.

MOTION SEQUENCE # __01__
ORIGINAL RETURN DATE __3/5/09__
RELIEF __OOSEIZ__

L.B. AUSTIN

Index No.: __09/002869__

ORDER TO SHOW CAUSE
AND TEMPORARY
RESTRAINING ORDER

Upon the Summons and Complaint, dated February 18, 2009, the annexed Affirmation of Michael Luskin, executed February 18, 2009, the Affidavit of Philip R. Jaskot, sworn to February 17, 2009 (the "Jaskot Affidavit"), and the exhibits attached thereto, and the Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and an Order of Seizure, let Defendants show cause before this Court at (IAS) Part __11__, to be held at the Courthouse, 100 Supreme Court Drive, Mineola, New York, on March 5, 2009, at 9:30 A.M. (the "Return Date"), why an Order of Seizure should not be entered pursuant to CPLR § 7102 directing the Nassau County Sheriff to break open, enter, search for and seize the Collateral

ENTERED
IN
COMPUTER

identified in the Jaskot Affidavit, including but not limited to the specific items identified in Exhibit A thereto (the "Collateral"), and awarding Plaintiff such other and further relief as the Court may deem proper.

NOT LATER THAN

~~On~~ Feb. 24, 2009 Plaintiff shall provide an undertaking, pursuant to CPLR § 7102(e), executed by sufficient surety and in the amount of $12,200,000 for the return of the chattel to any person to whom possession is awarded by the judgment, and for payment of any sum awarded by the judgment against the Plaintiff.

Pending the determination of this application, Defendants, their servants, employees, agents, representatives, and all persons acting in concert with them, are hereby restrained and enjoined, pursuant to CPLR § 7102(d)(2), from removing, transferring, dismantling, selling, pledging, or otherwise disposing of or permitting to become subject to a security interest or lien the Collateral in any manner inconsistent with Plaintiff's interest in the Collateral.

Service of a copy of this order and a copy of the papers upon which it is granted by ~~overnight courier~~ personal service pursuant to CPLR 308(1) or (2) and 311 on the Defendant on or before Feb. 24, 2009 shall be deemed sufficient service.

ENTER.

_____
Justice, Supreme Court

2

60548923_1.DOC