# HOGAN & HARTSON

Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1.212.918.3100 Fax

www.hhlaw.com

March 31, 2009

Carl J. Chiappa
Partner
(212) 918-3612
cchiappa@hhlaw.com

VIA ELECTRONIC MAIL AND FACSIMILE

Susan B. Lyons, Esq.
Law Offices of Susan B. Lyons
2504 Grand Avenue, Suite 205
Baldwin, NY 11510

    Re:  J.P.T. Automotive, Inc. v. Toyota Motor Sales 09-CV-204

Dear Ms. Lyons:

    I have your letter of today's date regarding the preliminary injunction hearing being conducted before Magistrate Judge Boyle in the above-referenced action (copy attached).

    The argument advanced in your letter is identical to the argument you made and that Judge Boyle rejected at yesterday's hearing. As you know, Judge Boyle cited several cases in support of his right to conduct the hearing on a motion brought by your client in an action it commenced against our client, Toyota Motor Sales, U.S.A., Inc. Judge Boyle also invited you to brief the issue to the extent you believe those cases to be distinguishable or His Honor's decision to be incorrect. If you have prepared such a memorandum I have not yet seen it. In any event, I consider myself under court order to defend Toyota against your client's motion.

    Additionally, as I said yesterday: it is Toyota's position, which Plaintiff has never contested, that your client's franchise agreement terminated on January 19, 2009, prior to the commencement of this action or the issuance of any temporary restraining order. Thus, it is our position that no asset of the estate is being affected by these proceedings because no such asset exists. Also, you will remember that you argued in your letter to Judge Boyle yesterday asking for an adjournment of the hearing that the fact that your client has a "pre-approval" of a loan (for up to $25 million, according to Mr. Cirillo) demonstrated Victory Toyota's "solvency." In other words, you were continuing to argue the merits of your motion while claiming

Susan B. Lyons, Esq.
March 31, 2009
Page 2 of 2

that the hearing on that motion should not go forward because of the bankruptcy filing. A better example of trying to use the automatic stay as both a sword and a shield could hardly be imagined.

Your "admonition" and threat to seek "remedies" is duly noted. However, in view of Judge Boyle's ruling directing the parties to proceed with the hearing, we have no choice but to continue to defend Toyota's position.

Very truly yours,

CARL J. CHIAPPA

cc:   Hon. E. Thomas Boyle (w. attachment)

# Law Offices of Susan B. Lyons

2504 Grand Avenue, Suite 205
Baldwin, NY 11510
Tel: (516) 546-2003 ••• Fax: (516) 378-6124

*Admitted in NY & NC*

March 31, 2009

BY FGACSIMILE, ELECTRONIC AND REGULAR MAIL (cchiappa@hhlaw.com)

Carl Chiappa
HOGAN AND HARTSON
875 Third Avenue
New York, 10022

      Re: J.P.T. Automotive Inc. v. Toyota Motor Sales U. S. A. Inc, 09-CV-204
      In Re J.P.T. Automotive, Inc., 8-09-72097

Dear Mr. Chiappa,

    I am enclosing a Notice of Bankruptcy which was received by the above referenced on March 30, 2009. Although I informed you yesterday of the bankruptcy, I provided my only copy of said notice to the judge. I am providing you with a copy of same at this time via facsimile..

    I feel compelled to advise you that it is improper and in violation of the Bankruptcy Code to proceed to advocate any action that may negatively affect the asset of an estate in bankruptcy. See 11 U.S.C.362(a). Since the subject matter of the preliminary injunction hearing is the franchise agreement, and said franchise agreement is an asset of the estate in bankruptcy, it is improper for you to advocate and to proceed in the District Court.

    Please be advised that if this hearing continues, over only plaintiffs objections, my client will seek appropriate remedies against you and your clients.

    I thank you for your attention to this matter.

                      Yours truly,

                      Susan B. Lyons

SBL/tt
Enc.
Cc:    Gary Fischoff, Esq .(gfischoff@sfbblaw.com
       Frank X. Trainor III, Esq. (ftrainor@dealerlawyer.com)
       Judge Dorothy Eisenberg

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on the 31st day of March, 2009, I caused a true and correct copy of the foregoing to be served upon the following via ECF:

Susan B. Lyons, Esq.
2504 Grand Ave.
Baldwin, NY 11570
sblesq@optonline.net


Dated: New York, New York
March 29, 2009

/s/
Carl J. Chiappa, Esq.
