# Exhibit A

# HOGAN & HARTSON

Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1.212.918.3100 Fax

www.hhlaw.com

February 6, 2009

Carl J. Chiappa
Partner
(212) 918-3612
cchiappa@hhlaw.com

<u>VIA FACSIMILE AND U.S. MAIL</u>

Susan B. Lyons, Esq.
Law Offices of Susan B. Lyons
2504 Grand Avenue, Suite 205
Baldwin, NY 11510

Re: <u>J.P.T. Automotive, Inc. v. Toyota Motor Sales 09-CV-204</u>

Dear Ms. Lyons:

Katie Lachter has passed along to me your letter of today's date, since it was I, not she, who spoke with Mr. Fischoff last night. I write to correct several errors in your letter.

To begin with, the depositions of Mr. Cirillo and Mr. DiGilio were not "cancelled." Rather, Mr. Fischoff advised me around 6 p.m. last night that (i) your client intended to file for Chapter 11 protection and (ii) neither individual intended to appear for his deposition. He also advised me that it was J.P.T. Automotive's preference to wait until next Wednesday to file its bankruptcy petition because of a payroll cycle issue and in order to avoid having to make a motion to the bankruptcy court allowing the dealership to pay its employees. When I advised him that Messrs. Cirillo and DiGilio were obliged to appear, Mr. Fischoff advised me that they would not do so and that, if necessary, he would simply file a short form of bankruptcy petition today in order to relieve them of the obligation to do so.

In fact, we do not concede that a filing today would have relieved Messrs. Cirillo and DiGilio of their obligation to appear at our offices today to have their depositions taken. Nor do we concede that a filing would automatically stay the above-referenced action or "cancel the [preliminary injunction] hearing," both of which are the result of actions taken by – not against – your client. Finally, it is not we who should keep in touch with you about the injunction hearing, but you who

\\\NY - 029024/000004 - 1130097 v2

must keep in touch with us. The motion before Magistrate Judge Boyle is your client's motion, not Toyota's.

All of that said, my bankruptcy partner, Scott Golden, has been in touch with Mr. Fischoff, and I have spoken with Mr. Trainor and, at the latter's request, I have agreed to write to Mr. Trainor postponing (i) the depositions and (ii) the preparation of hearing briefs, subject to certain terms and conditions which I will outline in my letter. I will send you a copy of that letter as soon as it is finalized. Finally, in closing, let me say that, despite its willingness to postpone the depositions and hearing briefs under threat of an immediate bankruptcy filing and your client's refusal to appear in any event, Toyota reserves all of its rights with respect to this matter and with respect to any proposal your client may choose to make regarding the sale of the dealership.

Very truly yours,

*[signature]*

CARL J. CHIAPPA

cc: Frank Trainor, Esq.
Gary C. Fischoff, Esq.