```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
J.P.T. AUTOMOTIVE, INC.,

                Plaintiff,
                                        ORDER ADOPTING REPORT
    -against-                           AND RECOMMENDATION
                                        09-CV-0204 (JS)(ETB)
TOYOTA MOTOR SALES, U.S.A., INC.,

                Defendant.

----------------------------------X
APPEARANCES:
For Plaintiff:      Heath S. Berger, Esq.
                    Steinberg, Fineo, Berger & Fischoff, P.C.
                    40 Crossways Park Drive
                    Woodbury, NY 11797

For Defendants:     Carl J. Chiappa, Esq.
                    Katie Mae Lachter, Esq.
                    Hogan & Hartson, LLP
                    875 Third Avenue
                    New York, NY 10022
```

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge E. Thomas Boyle's Report and Recommendation ("R&R" or "Report"), which recommended that Plaintiff's Motion for a Preliminary Injunction be denied. Plaintiff has objected to this Report and Recommendation. For the foregoing reasons, the Court finds Plaintiff's objections to be without merit and ADOPTS Magistrate Judge Boyle's R&R in its entirety. As a result, the Court sua sponte lifts the Temporary Restraining Order it imposed on January 21, 2009.[1]

---

[1] The Court's January 21, 2009 Order set forth that Plaintiff was entitled to a temporary restraining order only "pending a hearing for a preliminary injunction," which has now taken place. 09-CV-0204, Docket # 11 at § 1.

BACKGROUND

The Report sets forth the facts of this case in a thorough manner, and therefore, the Court will not recite them in detail. See 09-CV-0204, Docket No. 53 (E.D.N.Y. Jun. 3, 2009). In summary: Plaintiff is an automobile dealer, and Defendant's former franchisee. In the course of its business, Plaintiff experienced severe financial problems, which led it to fall behind on numerous accounts, lose financing from lenders, and submit fraudulent odometer statements to a credit company. In response to Plaintiff's numerous breaches of its franchise agreement, Defendant notified Plaintiff that it intended to terminate it. The parties subsequently agreed to extend the franchise agreement's termination date until January 19, 2009.

On January 20, 2009, one day after its franchise agreement terminated, Plaintiff commenced this action. On January 21, 2009, the Court issued a Temporary Restraining Order which, as a practical matter, revived the terminated franchise agreement, enabling Plaintiff to continue operating its business over the past several months. On June 3, 2009, Magistrate Judge Boyle issued an R&R which recommended that Plaintiff's motion for a preliminary injunction be denied.

On June 20, 2009, Plaintiff filed objections to Magistrate Judge Boyle's Report. Specifically, Plaintiff argues that Magistrate Judge Boyle erred in finding that: (1) Plaintiff's

liabilities exceed its assets; (2) Plaintiff's franchise agreement terminated on January 19, 2009, which was Martin Luther King Day, rather than January 20, 2009; (3) Plaintiff was not entitled to an "automatic" injunction under the New York Franchised Motor Vehicle Dealer Act ("FMVDA"); (4) Plaintiff was not entitled to a preliminary injunction under federal law.  Each of Plaintiff's objections is without merit.

DISCUSSION

I. <u>Standard of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition.  <u>See</u> FED. R. CIV. P. 72(b).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. <u>See</u> <u>Barratt v. Joie</u>, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at

*2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a <u>de novo</u> review of any contested sections of the report. <u>See</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Furthermore, even in a <u>de novo</u> review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." <u>Kennedy v. Adamo</u>, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. 2006).

Here, Plaintiff's objections consist of nothing more than reiterating its original arguments before Magistrate Judge Boyle, coupled with a few general or conclusory allegations. Therefore, the Court reviews the Report for clear error. The Court notes, however, that a <u>de novo</u> review would also have led to it adopting the Report in its entirety.

## II. <u>Plaintiff's Objections</u>

### A. <u>Magistrate Judge Boyle did not err in Finding that Plaintiff's Liabilities Exceeded its Assets</u>

Plaintiff first argues that Magistrate Judge Boyle made a factual error in finding that Plaintiff's liabilities exceeded

4

its assets.  Specifically, Plaintiff argues that Magistrate Judge Boyle erred by "failing to take into account the testimony of the plaintiff [sic] expert witness," who testified that Plaintiff's business had $2-3 million in goodwill value, and instead crediting the Defendant's expert witness, who found that Plaintiff's business had no goodwill value.  Pl. Obj. Br. at 2-3.  At a minimum, Plaintiff argues, questions concerning Plaintiff's valuation "are matters best left for a trial on the merits of the within matter, or for the Bankruptcy Court."  Pl. Obj. Br. at 1.

Plaintiff is mistaken.  As an initial matter, it is Plaintiff who sought preliminary injunctive relief in this Court – not in the Bankruptcy Court.  Thus, it was Plaintiff who asked this Court to take a preliminary peek at the "merits of the within matter," rather than waiting for a trial.  Accordingly, Magistrate Judge Boyle had not only the right, but the obligation, to assess the credibility of the parties' dueling experts, to determine whether Plaintiff had established: (1) "a likelihood of success on the merits"; or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 242 (2d Cir. 2009).[2]  Fulfilling

---

[2] In continuing to permit plaintiffs to obtain a preliminary injunction upon raising "sufficiently serious questions going to the merits," Zino Davidoff SA appears to conflict with the Supreme Court's most recent statement of the law.  See Winter v. Natural Resources Defense Council, Inc., __ U.S. __, 129 S. Ct.

that obligation, Magistrate Judge Boyle made no clear error (indeed, no error at all) in crediting the testimony of defense expert Frank Fumai, a Deloitte & Touche accountant, who concluded that Plaintiff had no goodwill, and rejecting the testimony of Alan Richards, who served both as Plaintiff's attorney and expert witness. R&R at 20 n.13. Indeed, as Magistrate Judge Boyle noted, Plaintiff's own voluntary bankruptcy petition lists assets of $8,236,410.80 and liabilities of $10,659,530.69, demonstrating Plaintiff's insolvency. Id.

Plaintiff also argues that Magistrate Judge Boyle erred in failing to consider Plaintiff's "most valuable asset," "that of its franchise agreement." Pl. Obj. Br. at 3. But, as Magistrate Judge Boyle found (discussed below), Plaintiff's franchise agreement has already been terminated. Thus, Magistrate Judge Boyle made no error in not considering its purported "value."

  B.  Magistrate Judge Boyle did not err in Finding that Plaintiff's Franchise Agreement Terminated on Martin Luther King Day

Plaintiff also argues that Magistrate Judge Boyle erred in finding that Plaintiff's franchise agreement terminated on January 19, 2009, which was Martin Luther King Day. Plaintiff argues that, because January 19, 2009 was a legal holiday, Fed. R. Civ. P. 6 and N.Y. Gen. Const. L. § 25 "extended the termination

---

365, 374, 172 L. Ed. 2d 249 (2008) (a movant "must establish that he is likely to succeed on the merits").

date to January 20, 2009," the next day after the legal holiday. But once again, Plaintiff is mistaken and Magistrate Judge Boyle is correct.

As stated in its plain text, Fed. R. Civ. P. 6 "appl[ies] in computing any time period specified in these rules or in any local rule, court order, or statute." Here, Plaintiff does not dispute a time period specified in any court rule, court order or statute. Rather, Plaintiff seeks to abrogate the express terms of a contract entered into under New York law – under which Plaintiff's franchise agreement terminated on January 19, 2009. Nothing in Fed. R. Civ. P. 6 authorizes such an abrogation.

Plaintiff is also mistaken that, under Fed. R. Civ. P. 6, January 20, 2009 was "the first day the Plaintiff was able to file suit." Plaintiff received notice that Defendant intended to terminate the franchise agreement on October 15, 2008. Nothing precluded Plaintiff from filing suit then to enjoin this planned termination, or in the subsequent three months. The fact that Plaintiff waited until the day after the franchise agreement actually terminated is not this Court's concern, or the fault of Fed. R. Civ. P. 6.

Plaintiff's reliance on N.Y. Gen. Const. L. § 25 is equally without merit. By its plain text, N.Y. Gen. Const. L. § 25 concerns only contracts for "the payment of money or the performance of a condition." As Magistrate Judge Boyle correctly

found, there was no payment of money or "condition" to be performed here. R&R at 13 n.10. Rather, there was a franchise agreement that - by the parties' agreement - terminated on a specific day. Nothing in N.Y. Gen. Const. L. § 25, or elsewhere in New York law, precludes parties from contracting to end a contract on a legal holiday. See R&R at 13 n.10 (collecting cases).

  C. <u>Plaintiff was not Entitled to an "Automatic" Injunction Under the FMVDA</u>

Plaintiff also objects to Magistrate Judge Boyle's finding that it was not entitled to an "automatic" injunction under the FMVDA. Again, Plaintiff is wrong. As Magistrate Judge Boyle correctly found, the FMVDA's plain text entitles dealers to an automatic stay only of a franchise agreement's "threatened" or "proposed" termination. R&R at 11 (citing N.Y. Veh. & Traf. L. § 463(2)(e)(1)). Here, Plaintiff's franchise agreement terminated on January 19, 2009 and Plaintiff did not file suit until January 20, 2009. Thus, at the time of Plaintiff's suit, Plaintiff no longer faced a "threatened" or "proposed" termination. Rather, its franchise agreement had already terminated. Accordingly, the FMVDA's automatic stay provision affords Plaintiff no relief. See R&R at 11. And, consequently, Plaintiff's argument concerning whether the FMVDA applies prospectively or retroactively, or whether exceptions preclude its application, (See Pl. Obj. Br. at 8-12) is irrelevant.

D.  <u>Plaintiff is not Entitled to a Preliminary Injunction Under Federal Law</u>

Plaintiff also argues that, contrary to Magistrate Judge Boyle's findings, it met its burden for obtaining a preliminary injunction under federal law, because it showed irreparable harm, a likelihood of success on the merits (or sufficiently serious questions going to the merits), and a balance of the hardships, and because granting it a preliminary injunction favors the public interest. Pl. Obj. Br. at 12-19. Again, Magistrate Judge Boyle did not err in rejecting these arguments.

Magistrate Judge Boyle correctly found that Plaintiff would not suffer irreparable harm because Plaintiff's business is already worthless, as its liabilities "significantly outweigh its assets." R&R at 16. Thus, because Plaintiff "is no longer a viable business entity," it will not suffer irreparable harm from the denial of a preliminary injunction. R&R at 17-18 (collecting cases).

Magistrate Judge Boyle also correctly found that Plaintiff had failed to either make a showing of likelihood of success on the merits, or set forth sufficiently serious questions going to merits. As Magistrate Judge Boyle noted, and Plaintiff concedes, the crux of Plaintiff's action is that Defendant lacked cause to terminate the franchise agreement based on Plaintiff's purported insolvency. R&R at 19; Pl. Obj. Br. at 15. But, as Magistrate Judge Boyle correctly found, Plaintiff was clearly

9

insolvent in October 2008, and remains insolvent today – as demonstrated by Plaintiff's own voluntary bankruptcy filing. R&R at 19-20. Moreover, as Magistrate Judge Boyle properly concluded, Defendant had ample other grounds to terminate the franchise agreement, such as Plaintiff's failure to pay Defendant for parts it ordered, and Plaintiff's loss of financing. R&R at 20.

Having found no showing of irreparable harm, and no likelihood of success or sufficiently serious questions going to the merits, Magistrate Judge Boyle did not reach the balance of the hardships and public interest factors. Thus, the Court does not reach them. But, assuming <u>arguendo</u> that these factors were relevant, the Court notes that Plaintiff has failed to show that either tips in its favor. If a preliminary injunction was granted, Defendant would face severe hardships, as it would be forced to continue a franchise agreement with an insolvent entity. In addition, as Magistrate Judge Boyle found, Plaintiff engaged in incredibly dishonest (and arguably fraudulent or criminal) acts towards its customers, including: (1) accepting customer orders for vehicles it could not deliver; and (2) accepting "trade in" vehicles from customers with the understanding that it would pay off outstanding loans on the vehicles traded in, but then failing to pay off those loans – leaving customers with outstanding loans on cars they no longer owned. R&R at 8. As Defendant's franchisee, Plaintiff's conduct towards its customers ran the very

10

real risk of harming Defendant's image and reducing Defendant's goodwill. The risk that this kind of conduct would continue (or similarly dishonest conduct would commence), with resulting harm to both customers and Defendant, significantly tips against Plaintiff under both the balance of the hardships and the public interest factors. Finally, the Court fails to see what public interest is served by: (1) abrogating a dully-entered into contract; for the purpose of (2) enabling an insolvent entity to remain in business, where it may continue to rack up debts that it likely will never be able to repay.

## CONCLUSION

The Court ADOPTS Magistrate Judge Boyle's Report and Recommendation in its entirety. Having concluded that Plaintiff is not entitled to a preliminary injunction, the Court hereby <u>sua sponte</u> lifts the temporary restraining order it issued on January 21, 2009.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September  14 , 2009